J-S67012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER R. BAKER | |
| Appellant | No. 242 WDA 2014 |

Appeal from the PCRA Order January 23, 2014
In the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-MD-0000119-1992

BEFORE: DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY MUNDY, J.:                    **FILED APRIL 6, 2016**

This case returns to us following remand from the Pennsylvania Supreme Court. Specifically, on February 25, 2016, our Supreme Court granted the petition for allowance of appeal filed by Appellant, Christopher R. Baker, vacated our previous order affirming the dismissal of Appellant's petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and remanded the case to us for further proceedings consistent with **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). After careful review, we reverse the PCRA court's order dismissing Appellant's PCRA petition and remand for resentencing.

---

[*] Former Justice specially assigned to the Superior Court.

On June 15, 1993, the trial court imposed a mandatory sentence of life imprisonment without the possibility of parole after a bench trial, at the conclusion of which Appellant was found guilty of one count each of first-degree murder and theft by unlawful taking,[1] committed when he was 16 years old.[2]  Appellant's *pro se* fourth PCRA petition, which is the subject of this appeal, asserts that the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012), should be retroactively applied. On January 23, 2014, the PCRA court dismissed the amended petition.  On December 11, 2015, we affirmed the PCRA court's order.  ***Commonwealth v. Baker***, --- A.3d ---, 2015 WL 8550614 (Pa. Super. 2015) (unpublished memorandum), *vacated*, --- A.3d ---, 2016 WL 741994 (Pa. 2016). Appellant filed a timely petition for allowance of appeal with our Supreme Court on January 7, 2016.  While that petition was pending, on January 25, 2016, the United States Supreme Court announced its decision in ***Montgomery***, holding that ***Miller***'s prohibition on mandatory life imprisonment without the possibility of parole for juvenile offenders was a

---

[1] 18 Pa.C.S.A. § 2502(a) and 3921(a), respectively.

[2] This Court affirmed Appellant's judgment of sentence on August 29, 1994, and our Supreme Court denied *allocatur* on May 26, 1999, after Appellant was permitted to file said petition for allowance of appeal *nunc pro tunc*. ***Commonwealth v. Baker***, 653 A.2d 1296 (Pa. Super. 1994) (unpublished memorandum), *appeal denied*, 763 A.2d 163 (Pa. 1999).  Prior to the instant petition, Appellant filed three PCRA petitions between 1996 and 2011, none of which garnered relief.

new substantive rule that, under the Constitution, must be retroactive in cases on state collateral review. *Montgomery*, *supra* at 732. Accordingly, our Supreme Court vacated our prior order and remanded this case to us. Moreover, this Court, in *Commonwealth v. Secreti*, --- A.3d ---, 2016 WL 513341 (Pa. Super. 2016), held that *Miller* and *Montgomery* afford relief to petitioners whose PCRA petitions based on *Miller* were on appeal when *Montgomery* was announced. *Secreti*, *supra* at *5.

Based on the foregoing, Appellant is entitled to PCRA relief from his unconstitutional sentence of mandatory life imprisonment without parole. *See Montgomery*, *supra*; *Miller*, *supra* at 2464; *Secreti*, *supra*. Accordingly, we reverse the PCRA court's January 23, 2014 order, vacate Appellant's judgment of sentence, and remand for resentencing in accordance with *Montgomery*, *Miller*, and *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013).[3]

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Donohue did not participate in the consideration or decision of this case.

---

[3] We note that the General Assembly passed Section 1102.1 in October 2012 to address *Miller*, which provides new mandatory minimum sentences for juveniles convicted of first-degree murder. However, Section 1102.1's text limits its application to those "convicted after June 24, 2012[.]" 18 Pa.C.S.A. § 1102.1(a), (c).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2016